# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

12-7622 (CC)

Slawomir Obarski,

    the Plaintiff

    vs.

United Recovery Systems LP

    the Defendant

Violations of Fair Credit Reporting Act

## PARTIES

**The Plaintiff**: Slawomir Obarski  
110 Midland Avenue 2B  
Midland Park, New Jersey

**The Defendant**: United Recovery Systems LP  
P.O. Box 722910  
Houston, TX 77272-2910

## JURISDICTION

The Defendant is a 3rd party debt collector and is governed under the law by The Fair Credit Reporting Act 15 USC §1681. This is a federal act, as such, establishing the jurisdiction of this court.

## CAUSE OF ACTION

Statement Of Facts

    The Defendant contacted the The Plaintiff on or about December 14th 2010 with demand for payment of an alleged delinquent account (see exhibit 1). The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on December 28th, 2010 which the Defendant received on December 31st 2010 asking for proof of this alleged account.(exhibit 2). After receiving the Demand for Validation letter the Defendant did not respond to the Plaintiff's request.

    The Plaintiff then contacted credit reporting agencies Experian, Equifax and TransUnion to check his credit report. The Plaintiff noticed so called "hard inquiry" made by the Defendant on his Experian report, which has a negative effect on consumer's credit rating. Consequently the Plaintiff disputed this information with credit reporting agency and notified them of reporting erroneous information. Credit Reporting Agencies replied they report correct information.

    The Defendant has never obtained verification of the account or mailed/provided such verification to the Plaintiff, yet he continues to regularly access Plaintiff's credit report. As a result of Defendant's actions Plaintiff was denied credit, credit transfers to lower interest rates and his credit score was lowered.

Violations of Fair Credit Reporting Act.:

**Count I   [15 U.S.C. § 1681b] Permissible purposes of consumer reports**

No permissible purpose to pull the report.

On or about December 2010 the Defendant preformed an inquiry into Plaintiffs Experian credit report and continues to do so each month until now, December 2012. The Defendant has not provided acceptable proof of any alleged debt. There was no authorization by the Plaintiff to pull the report, there was no account or contractual obligation between the parties.

**The Plaintiff demands $24 000**

**Count II   [15 U.S.C. § 1681s-2](a)(1)(B)(i)**

(a) Duty of furnishers of information to provide accurate information
    (1) Prohibition

(B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer reporting agency if—
  (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

  The Plaintiff notified the Defendant about reporting inaccurate information. There was no response from Defendant. Inaccurate information is still being reported.

**The Plaintiff demands  $24,000**

**Count III  [15 U.S.C. § 1681s-2](3)**

(3) Duty to provide notice of dispute
If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

Plaintiff disputed Defendant's reported information and there is no evidence that Defendant reported the dispute.

**The Plaintiff demands  $24,000**


Plaintiff has been denied credit because of the willful noncompliance and inaccurate reporting and/or inaction's of the Defendant. Plaintiff requests judgment against the Defendant for damages of **$1,000** plus costs and fees of **$5,000**

## DEMAND

Plaintiff demands Judgment in the amount of **$78,000.00**, including all costs of this action along with punitive damages in the amount of **$12,000.00** or as allowed by the court.

Plaintiff contacted Defendant multiple times trying to solve the problem outside of the court but all attempts were ignored. All correspondence remains unanswered.

                        Slawomir Obarski
                              Plaintiff
                        December 6th 2012