## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SLAWOMIR OBARSKI,** | |
| Plaintiff, | **Civil Action No.** |
| **v.** | **2:12-cv-07622-CCC-JAD** |
| **UNITED RECOVERY SYSTEMS, LP,** | **ANSWER TO PRO SE PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE** |
| Defendant. | **DEFENSES BY DEFENDANT, UNITED RECOVERY SYSTEMS, LP** |

AND NOW, comes Defendant, United Recovery Systems, LP ("URS"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman, & Goggin P.C., and hereby answers the Complaint of pro se Plaintiff, Slawomir Obaraski ("Plaintiff"). In support thereof, URS avers as follows:

### ANSWER TO PARTIES

Admitted in part and denied in part. URS admits that upon information and belief, Plaintiff resides at the address provided in this section. URS denies that Plaintiff has provided URS' proper physical address. Unless otherwise admitted, URS denies the allegations set forth in this paragraph.

### ANSWER TO JURISDICTION

Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. URS refers all questions of law to the Court.

### ANSWER TO CAUSE OF ACTION

Admitted in part and denied in part. Responding separately to each allegation in this section:

URS admits that it attempted to collect a debt from Plaintiff. URS denies that Plaintiff has attached the correspondences, which he has designated as "exhibit 1" or "exhibit 2" to his Complaint.

URS admits that it sent Plaintiff written correspondence, on or around December 14, 2010, seeking payment of Plaintiff's valid and delinquent debt. URS further admits that Plaintiff sent URS written correspondence on or around December 28, 2010, demanding validation of the debt. URS avers that on January 4, 2011 it ceased all collection activity regarding the debt and on April 13, 2011 it sent Plaintiff documentation validating the debt.

URS is without sufficient information, knowledge or belief as to whether Plaintiff contacted Experian, Equifax or Trans Union. Therefore, URS denies this allegation.

URS is without sufficient information, knowledge or belief as to whether Plaintiff "noticed" a "hard inquiry" made by URS. Therefore, URS denies this allegation. URS admits however, that it accessed Plaintiff's credit report, as is permitted under 15 U.S.C. § 1681b(a)(3)(A) of the FCRA. URS is a debt collector, and debt collection activity has unequivocally and unanimously been determined to be a permissible purpose to access a debtor's credit report. See Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001); See Pinson v. Monarch Recovery Mgmt., 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005); See Stonehart v. Rosenthal, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2001).

URS is without sufficient information, knowledge or belief, as to whether Plaintiff disputed any information with any consumer reporting agency or whether any consumer reporting agency informed Plaintiff that "they report correct information".  Therefore, URS denies these allegations.  By way of further answer, URS denies that it furnished any information about Plaintiff's debt obligation, to any consumer reporting agency.

URS admits that on April 13, 2011 it sent Plaintiff "verification" of the debt. URS further avers, that on January 4, 2011, upon receipt of Plaintiff's request for validation of the debt, that it ceased all collection activities.  URS denies that Plaintiff has asserted a claim under the FDCPA.

URS is without sufficient information, knowledge or belief as to whether Plaintiff was denied credit or "credit transfers to lower interest rates", or whether Plaintiff's credit score was lowered.  Therefore, URS denies these allegations.  By way of further answer, URS denies that it furnished any information about Plaintiff's debt obligation to any consumer reporting agency.

## ANSWER TO COUNT I

Admitted in part and denied in part.  URS admits that Plaintiff attempts to assert a claim against URS, alleging that URS improperly accessed Plaintiff's credit report, in violation of 15 U.S.C. § 1681b of the FCRA.  URS denies that Plaintiff has asserted a viable claim under § 1681b, as URS was attempting to collect a debt from Plaintiff, and accessed Plaintiff's credit report in furtherance of its collection activity.  Courts have been clear and consistent that a debt collector may access a consumer's credit report, as a permissible purpose under § 1681b(a)(3)(A) of the FCRA, if the inquiry involves the collection of an account of the consumer. See

Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997);Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001); See Pinson v. Monarch Recovery Mgmt., 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005); See Stonehart v. Rosenthal, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2001).  URS admits that there was no contract between Plaintiff and URS, as URS was collecting a debt on behalf of a third-party.  However, URS denies that privity of contract is relevant, as a third-party debt collector can access a consumer's credit report, in furtherance of its collection activity.  See Pinson, 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013).  URS admits that Plaintiff has demanded $24,000 from URS for this purported violation.  URS denies that this demand is remotely reasonable, in the absence of a viable claim.

## **ANSWER TO COUNT II**

Admitted in part and denied in part.  URS admits that Plaintiff attempts to assert a claim against URS, under § 1681s-2(a) of the FCRA.  URS denies that there exists a private right of action against furnishers under § 1681s-2(a), as a clear and settled matter of law.  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011); See Paredes v. Sallie Mae, 2011 U.S. Dist. LEXIS 132600 (D.N.J. Nov. 16, 2011).  URS further denies that it has furnished any credit information related to Plaintiff, or that it furnishes credit information related to any debtor, in the course of its business.  URS admits that Plaintiff has demanded $24,000 from URS for this purported violation.  URS denies that this demand is remotely reasonable, in the absence of a viable claim.

**ANSWER TO COUNT III**

Admitted in part and denied in part.  URS admits that Plaintiff attempts to assert a claim against URS, under § 1681s-2(a)(3) of the FCRA.  URS denies that there exists a private right of action under § 1681s-2(a), as a clear and settled matter of law.  See Huertas, 641 F.3d 28; See Paredes, 2011 U.S. Dist. LEXIS 132600.  URS further denies that it has furnished any credit information related to Plaintiff, or that it furnishes credit information related to any debtor, in the course of its business.  URS admits that Plaintiff has demanded $24,000 from URS for this purported violation.  URS denies that this demand is remotely reasonable, in the absence of a viable claim.

URS admits that Plaintiff claims that he was "denied credit because of the willful noncompliance and inaccurate reporting and/or inaction" of URS, and claims that he is entitled to an additional award of $1,000.00 in damages, plus an additional $5,000.00 in "fees".  URS denies that its conduct could reasonably be construed as noncompliant or inaccurate in any manner.   URS further denies that Plaintiff is entitled to any award of attorneys' fees, as he is litigating this matter, pro se.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to plead a claim against URS, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Courts have been clear and consistent that a debt collector may access a consumer's credit report, as a permissible purpose under § 1681b(a)(3)(A) of the FCRA, if the inquiry involves the collection of an account of the consumer. See Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir. 2001); See Pinson v. Monarch Recovery Mgmt., 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005); See Stonehart v. Rosenthal, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2001).  Therefore, Count I of Plaintiff's Complaint fails as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

There is no private right of action under section 1681s-2(a) of the FCRA.  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011); See Paredes v. Sallie Mae, 2011 U.S. Dist. LEXIS 132600 (D.N.J. Nov. 16, 2011).  Accordingly, Counts II and III of Plaintiff's Complaint also  fail as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Any damage suffered by Plaintiff, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of URS.

## FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which URS denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against URS.

## SIXTH AFFIRMATIVE DEFENSE

URS does not furnish any credit information to any consumer reporting agency in the course of its business.  Therefore, any claim related to "inaccurate" information furnished by URS are frivolous and without basis.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, URS demands that Plaintiff, within ten (10) days, furnish URS with a statement of the amount of damages claimed by him, with particularity, including all out-of-pocket expenses and any pecuniary loss and the methodology in calculating those damages.

## CERTIFICATION

PURSUANT TO R. 4:5-1, I hereby certify that counsel for URS is presently unaware of any pending action that should be consolidated with this matter.

**WHEREFORE**, Defendant, United Recovery Systems, L.P., respectfully requests this Honorable Court enter judgment in its favor dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:   */s/ Ronald M. Metcho / rmetcho*
RONALD M. METCHO, ESQUIRE
2000 Market St., Suite 2300
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856
RMMetcho@mdwcg.com
Attorneys for Defendant
United Recovery Systems, LP

Dated: August 6, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SLAWOMIR OBARSKI,** | |
| Plaintiff, | **Civil Action No.** |
| **v.** | **2:12-cv-07622-CCC-JAD** |
| **UNITED RECOVERY SYSTEMS, LP,** | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I, Ronald M. Metcho, Esquire do hereby certify that a true and correct copy of United Recovery Systems, LP's Answer and Affirmative Defenses, were served upon the pro se Plaintiff, on August 6, 2013, by regular and certified mail to the following address:

Slawomir Obaraski
110 Midland Ave., Apt. 2B
Midland Park, New Jersey 07432

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:   */s/ Ronald M. Metcho / rmetcho*
RONALD M. METCHO, ESQUIRE
Attorneys for Defendant
United Recovery Systems, LP

8