**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLAWOMIR OBARSKI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RECOVERY SYSTEMS, LP,<br><br>Defendant. | Civil Action No. 2:12-CV-07622 (CCC)(JAD)<br><br>**ORDER** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon: (1) motion by defendant United Recovery Systems, LP ("Defendant") to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c) (the "Motion to Vacate") (ECF No. 7); and (2) motion by plaintiff Slawomir Obarski ("Plaintiff") to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) (the "Motion to Amend") (ECF No. 8). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** Plaintiff filed a complaint on December 7, 2012 (Compl., ECF No. 1) (the "Complaint"), which was served on Defendant on March 28, 2013 (Return of Service, ECF No. 3); and

**WHEREAS** Defendant failed to timely respond to the Complaint, and the Clerk entered default against Defendant on August 5, 2013 (Order, ECF No. 4); and

**WHEREAS** Defendant filed both an Answer and the Motion to Vacate on August 6, 2013 (ECF Nos. 5, 7); and

1

**WHEREAS** Fed. R. Civ. P. 55(c) provides a Court may set aside an entry of default "for good cause." A decision to set aside an entry of default is left to the discretion of the district court. Perry v. Bruns, 11-CV-2840 DMC JAD, 2013 WL 1285302, *4 (D.N.J. Mar. 26, 2013) (citing United States v. $55, 518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984)). Default is disfavored and doubtful cases must be resolved in favor of the moving party so that the cases may be decided on their merits. Id. (citing U.S. Currency U.S. Currency, 728 F.2d at 194-95)). Courts must consider four factors in determining whether there is good cause to vacate entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Id. (citing U.S. Currency U.S. Currency, 728 F.2d at 95; Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)). Although district courts are urged to make explicit findings concerning all of these factors in considering a motion to vacate entry of default, the second factor—whether the defendant has a meritorious defense—is considered to be a dispositive "threshold question." Id. (citing U.S. Currency U.S. Currency, 728 F.2d at 195); and

**WHEREAS** the Court finds that Defendant demonstrated good cause to vacate the entry of default. First, Defendant asserted a meritorious defense to Plaintiff's claims by alleging facts that, if established, would constitute a complete defense to the action. Specifically, Plaintiff argued that Defendant improperly accessed his credit reports; however, Defendant countered that courts have unanimously held that the collection of a debt is a permissible purpose of accessing a consumer's credit report under the Fair Credit Reporting Act (the "FCRA"). (Br. Supp. Mot. Vacate Entry Default 3, ECF No. 7-1) (citing Huertas v. Galaxy Asset Management, 641 F.3d 28 (3rd Cir. 2011)). Plaintiff also claimed that Defendant furnished inaccurate information in

violation of the FCRA; however, Defendant countered that there is no private right of action under the provisions of the FCRA cited by Plaintiff, and that Defendant does not furnish credit information. (Id. at 4-5). Second, the Court finds that Defendant's failure to timely respond to the Complaint was the result of excusable neglect, not culpable conduct. Third, Plaintiff did not oppose the motion to vacate the entry of default, or otherwise assert that it would be prejudiced thereby. Finally, vacating the entry of default is consistent with the Third Circuit's position requiring uncertain cases to be decided on the merits. Thus, the Court shall enter an Order vacating the entry of default and deeming the Answer filed on August 6, 2013; and

**WHEREAS** Plaintiff filed the Motion to Amend on August 12, 2013, indicating that he "discovered deficiencies in his original complaint and wishes to correct these deficiencies." (Mot. Amend 1, ECF No. 8); and

**WHEREAS** pursuant to Fed. R. Civ. P. 15(a)(1)(B), if a pleading is one to which a responsive pleading is required, a party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading . . ."; and

**WHEREAS** Plaintiff timely sought to amend his pleading pursuant to Rule 15(a)(1)(B);

IT IS on this _16th_ day of August, 2013,

**ORDERED** that Defendant's motion to vacate the entry of default (ECF No. 7) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant's Answer shall be deemed filed on August 6, 2013; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 8) is **GRANTED**; and

3

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint by no later than August 30, 2013.

**SO ORDERED**

_/s/ Joseph A. Dickson_
JOSEPH A. DICKSON, U.S.M.J.

cc:  Honorable. Claire C. Cecchi, U.S.D.J.