**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLAWOMIR OBARSKI, | Civil Action No.: 12-cv-7622 (CCC-JBC) |
| Plaintiff, | **OPINION** |
| v. | |
| UNITED RECOVERY SYSTEMS LP, | |
| Defendant. | |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court upon the Motion of Defendant United Recovery Systems LP ("Defendant") for Summary Judgment against Plaintiff Slawomir Obarski ("Plaintiff"). ECF No. 26. The Court has carefully considered the submissions made in support of and in opposition to the instant motion. The Court did not hear oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Defendant's Motion for Summary Judgment is granted.

### II. BACKGROUND[1]

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*, in its attempt to collect a debt from Plaintiff. Am. Compl. 1-3.[2] In December

---

[1] As required on a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party, and will make all reasonable inferences in the non-moving party's favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

[2] The facts recited herein are drawn from Defendant's Statement of Undisputed Facts filed pursuant to Local Civil Rule 56.1 ("Def.'s SUF"), Plaintiff's Statement of Undisputed Facts

1

2010, Citibank, N.A. engaged Defendant, a debt collection company, to try to recover a debt obligation owed by Plaintiff to Citibank. Def's SUF ¶ 3. In connection with its efforts to collect this debt, Defendant requested and received access to Plaintiff's credit report from Experian, a credit reporting service. Id. at ¶ 4. Plaintiff characterizes Defendant's request for his credit history as a "hard inquiry," which has a negative effect on a consumer's credit rating. Am. Compl. at 1.

Defendant sent Plaintiff a collection letter on December 14, 2010. Def.'s SUF ¶ 5; Pl.'s SUF ¶ 4. Plaintiff sent a letter to Defendant on December 28, 2010, demanding validation of the debt. Def.'s SUF ¶ 7; Pl.'s SUF ¶ 5. Defendant ceased all collection activity regarding the debt on January 4, 2011. Def.'s SUF ¶ 8; Pl.'s SUF ¶ 6.

Plaintiff brought the instant action against Defendant in this Court on December 7, 2012. ECF No. 1. Plaintiff's Amended Complaint alleges two violations of the FCRA: (1) that Defendant improperly obtained Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681b; (2) that Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to remove records of its inquiries from Plaintiff's credit report even after Defendant was "unable to validate [the] alleged debt," and that this damaged Plaintiff's credit rating. Am. Compl. 3. Defendant moved for summary judgment on June 16, 2014. Plaintiff indicated that he does not oppose Defendant's motion as to the first count of the Amended Complaint—violation 15 U.S.C. § 1681b—but opposed the motion as to Count II of the Amended Complaint—violation of 15 U.S.C. § 1681s-2. Opp. Br. 1.

---

("Pl.'s SUF"), Plaintiff's Amended Complaint ("Am. Compl.") and Plaintiff's brief in opposition to Defendant's motion for summary judgment ("Opp. Br."). Though Plaintiff failed to address each of Defendant's material facts in Plaintiff's SUF, the Court liberally construes documents filed by Plaintiff in light of his *pro se* status. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

### III. LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In order to meet its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (stating that "[t]he object of [Rule 56] is not to replace conclusory allegations of the complaint... with conclusory allegations of an affidavit."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A fact is "material" if a dispute about that fact "might affect the outcome of the suit under governing [substantive] law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Anderson, 477 U.S. at 248. The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. Id. at 249.

## IV.     DISCUSSION

Defendant's motion as to Count I of Plaintiff's Amended Complaint is unopposed, and the Court is satisfied that Defendant is entitled to judgment as a matter of law that it did not improperly obtain Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681b.  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) ("[T]he [FCRA] expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with . . . *review or collection of an account of* the consumer.'") (quoting 15 U.S.C. § 1681b).

As to Count II, which alleges that Defendant violated 15 U.S.C. § 1681s-2(b) by failing to remove evidence of its inquiries into Plaintiff's credit history, the Court also finds that there is no genuine issue of material fact in dispute and that Defendant is entitled to judgment as a matter of law.  That section of the FCRA provides that "furnishers of information to consumer reporting agencies" have a duty to investigate disputes as to "the completeness or accuracy of any information provided by [the furnisher] to a consumer reporting agency" and to correct any information found to be inaccurate or incomplete.  15 U.S.C. § 1681s-2(b).  A furnisher of information only has a duty to investigate such disputes after receiving notice of incomplete or inaccurate information from a credit reporting agency under 15 U.S.C. § 1681i(a)(2).  SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011) ("Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer.").[3]

---

[3] The Third Circuit further explained in that case the proper sequence of events that triggers the liability of a furnisher of information:

> Under the statutory framework and clear language of the statute, therefore, a consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute.  It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate.  It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s-2(b).

4

Here, Plaintiff does not allege that any credit reporting agency ever contacted the Defendant with notice of incomplete or inaccurate information as to Plaintiff's credit history. Plaintiff also does not allege any specific facts or offer any evidence that Defendant provided any information to a consumer reporting agency concerning Defendant's debt. Though Plaintiff, in his Amended Complaint, asserts that "[Defendant] continued to regularly report harmful and damaging information on Plaintiff's credit report for 24 months," Plaintiff does not specify what information Defendant allegedly provided; rather, Plaintiff states that "Defendant's inquiries were not removed and this willful non-compliance damaged Plaintiff's credit report." Am. Compl. 2-3. The sole exhibit submitted with Plaintiff's papers in opposition to this motion is a copy of a report showing credit inquiries, including an inquiry made by United Recovery Systems on December 10, 2010. See ECF No. 27. That exhibit does not show any information provided by Defendant to a credit reporting agency. Indeed, Defendant contends that it did nothing more than request Plaintiff's credit report and that it had no further contact with any credit reporting agencies. Def.'s SUF ¶ 6; Def.'s Reply Br. 3.

In affirming the dismissal of a nearly identical action brought by Plaintiff against Client Services, Inc., another debt collection agency, the Third Circuit noted that, just as with the instant case, "nowhere did Obarski allege that [the collection agency defendant] provided a credit reporting agency with 'any item of information in dispute.'" Obarski v. Client Servs., Inc., 554 F. App'x 90, 91 (3d Cir. 2014) (internal citation omitted). Therefore, the Defendant is entitled to judgment as a matter of law regarding Count II of the Amended Complaint.

---

Id. at 359.

## V.  CONCLUSION

For the reasons above, the Court grants Defendant's motion for summary judgment. An appropriate order accompanies this Opinion.

**DATED:** January 13, 2015

**CLAIRE C. CECCHI, U.S.D.J.**